**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DAVID ANTHONY McKINNEY, Inmate )**<br>**#15465-057,** )<br> )<br> **Plaintiff,** )<br> )<br>**vs.** )<br> )<br>**JOHN   ASHCROFT,   ALBERTO** )<br>**GONZALES, and RANDY DAVIS,** )<br> )<br> **Defendants.** ) | **CIVIL NO. 05-344-JLF** |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, an inmate currently in the United States Penitentiary in Marion, Illinois, brings this

action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680.  Plaintiff previously

was granted leave to proceed *in forma pauperis*, and the initial partial filing fee was waived.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and

any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed

at this point in the litigation.

## FACTUAL ALLEGATIONS

Plaintiff states that on November 18, 2003, he was placed in a special housing unit and his personal property was confiscated.  When he was released, nine books were not returned to him. Plaintiff filed a tort claim with the Bureau of Prisons in June 2004 seeking compensation for the lost books.

## LEGAL STANDARDS

Federal Prisoners may bring suit against the United States under the Federal Tort Claims Act ("FTCA") for injuries they sustain or property lost while incarcerated.  *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).  However, they must first present the claim to the federal agency responsible for the injury.  *Id.*  Under the act,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  Plaintiff has filed with his complaint the Bureau of Prisons Final Denial of Claim letter indicating that Bureau of Prisons administrative review had been completed and informing Plaintiff of his right to sue.  As such, Plaintiff has stated a claim and shall be allowed to proceed on the FTCA claim.

## DISPOSITION

Plaintiff has named John Ashcroft, Alberto Gonzales, and Randy Davis as defendants in this

action.  However, in an action under the FTCA, the United States of America is the only proper defendant.  *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994).

**IT IS HEREBY ORDERED** that the United States of America is **SUBSTITUTED** as Defendant in this action.

**IT IS FURTHER ORDERED** that defendants **John Ashcroft, Alberto Gonzales, and Randy Davis** are hereby **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that in all future pleadings, the title of this case shall be "*David Anthony McKinney, Plaintiff, vs. United States of America, Defendant.*"

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for the **ATTORNEY GENERAL of the UNITED STATES** and the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **2** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare a summons for the **UNITED STATES OF AMERICA**.  The Clerk shall forward the summons, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The Clerk is **FURTHER DIRECTED** to prepare a copy of the summons, a copy of the complaint, and a copy of this Order to be served by the United States Marshal on the **ATTORNEY GENERAL of the UNITED STATES**.

The United States Marshal is **DIRECTED** to serve the original summons and complaint on

the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS**, and a copy of the summons and complaint on the **ATTORNEY GENERAL of the UNITED STATES**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include, with the original paper to be filed with the Clerk of the court, a certificate stating the date that a true and correct copy of any document was mailed to the United States Attorney.  Any paper received by a district judge or magistrate which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**
**DATED:  September 8, 2006.**

s/ James L. Foreman
**DISTRICT JUDGE**