IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID ANTHONY MCKINNEY,** | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) | Civil No. **05-344-DRH** |
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's "Response's to Court Order's, etc." [sic], which the Court construes as a motion for a court-order directing prison officials at USP Florence to give him the postage necessary to further litigate the above-captioned case. **(Doc. 22).** Plaintiff explains that he had to borrow a stamp to mail the subject motion, and that he does not have postage for other case-related mailings.

Although a prisoner has a First Amendment right to access the courts, which necessarily includes the right to use the mail, there is no right to unlimited free postage. ***Bach v. Coughlin*, 508 F.2d 303, 307-308 (7th Cir. 1974).** Plaintiff does not provide the Court with enough information to fully assess his situation. However, plaintiff's motion for reconsideration of the order dismissing this action indicates that he was given five stamps, so it does not readily appear that plaintiff's access to the Courts is being impermissibly impeded. **(Doc. 21).** In any event, as plaintiff's motion for reconsideration recognizes, such a constitutional violation must be addressed in a separate legal action. Furthermore, Chief Judge Herndon will no doubt address the impact of limited postage when ruling on the motion for reconsideration of the dismissal of

1

this action.

**IT IS THEREFORE ORDERED** that the subject motion regarding the provision of postage **(Doc. 22)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: January 8, 2008**

                                                    **s/ Clifford J. Proud**
                                                    **CLIFFORD J. PROUD**
                                                    **U. S. MAGISTRATE JUDGE**