IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ANTHONY MCKINNEY,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.                                                            No. 05-CV-344

## ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Plaintiff's motion for reconsideration of dismissal. (Doc. 21.) On January 16, 2007, the Court issued a notice of impending dismissal for Plaintiff's failure to return USM285s for Defendant USA. (Doc. 17.) Plaintiff did not respond. Subsequently, on March 13, 2007, the Court dismissed the case. (Doc. 18.) Two weeks later the Court received the USM 285s from Plaintiff, as well as a memorandum of law. The Court directed the Clerk's office to return the USM 285s to Plaintiff, along with the memorandum of law, and a copy of the order dismissing the case. (Doc. 19.)

On June 11, 2007, Plaintiff filed the present motion for reconsideration of dismissal. (Doc. 21.) Plaintiff contends that he was unable to respond to the Court's previous orders because he did not have adequate postage to mail his legal documents. Plaintiff asserts that he was only given five U.S. postal stamps after he

1

was transferred from the United States Penitentiary in Marion, Illinois to the United States Penitentiary in Florence, Colorado and that he was also denied access to his personal and legal property, as well as use of the law library. Plaintiff supports the claim that he was denied postage with a letter from R. Andert, a counselor at the United States Penitentiary in Florence.

The United States Supreme Court's "decisions have consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." ***Bounds v. Smith*, 430 U.S. 817, 824-25 (1977)**. The Court continued on to note, "This is not to say that economic factors may not be considered, for example, in choosing the methods used to provide meaningful access. But the cost of protecting a constitutional right cannot justify its total denial." ***Id.* at 825**.

Plaintiff has not provided enough facts regarding his allegation that he was denied access to the Court for the Court to understand the exact circumstances surrounding Plaintiff's failure to prosecute this case. But, because Plaintiff has alleged that he was denied the ability to mail legal documents and offers a letter in support of this allegation, the Court, in an attempt to exercise an abundance of caution, **GRANTS** Plaintiff's motion to reconsider dismissal pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**. (Doc. 21.) Accordingly, the Order dismissing

the case is **VACATED** (Doc. 18) and the case is **RE-OPENED**. Plaintiff is directed, however, that he **must** return the enclosed USM 285s to the Court **no later than March 28, 2008**. Failure to do so or a failure to prosecute this case in the future will result in a permanent dismissal of these claims. Upon receipt of the USM 285s, the Clerk of Court will direct the United States Marshall to serve the summons upon Defendant. The Court also wishes to take this opportunity - without commenting on what may or may not have happened in the past with regards to Plaintiff's access to the court - to reiterate that inmates do have a right to access the courts. The exact contours of any policy regarding postage is obviously left to the discretion of the Bureau of Prison, but the Court would like to reaffirm the long-standing position that inmates do have a constitutional right to meaningful access to the courts.

      **IT IS SO ORDERED**.

      Signed this 28th day of February, 2008.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**