# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ANTHONY MCKINNEY,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**            No.05-344-DRH

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is the Government's May 9, 2008 motion to dismiss for lack of subject matter jurisdiction (Doc. 30). McKinney filed a response to the Government's motion on May 28, 2008 (Doc. 31). Based on the following, the Court **GRANTS** the Government's motion.

On May 16, 2005, David McKinney, an inmate formerly housed at the United States Penitentiary at Marion, Illinois, filed this action under the Federal Tort Claims Act ("FTCA") against various Defendants for the loss of his personal property (Doc. 1). He seeks reimbursement for property that he claims was confiscated, namely nine books. McKinney alleges that on November 18, 2003, his property was "retained (confiscated) by the institution" after he was sent to the Special Housing Unit. He seeks compensation in the amount of $554.39. On September 8, 2006, the Court substituted the United States of America as the proper Defendant in this case pursuant to **28 U.S.C. § 2679(b)** (Doc. 10). On March 13, 2007, the Court

dismissed the case due to Plaintiff's failure to return USM285s for Defendant USA (Doc. 18). Plaintiff filed a motion for reconsideration of the dismissal, arguing that he was denied the ability to mail the required document, and the Court granted his motion for reconsideration, reopening the case (Doc. 25). Thereafter, the Government moved to dismiss McKinney's complaint for lack of subject matter jurisdiction (Doc. 30). The Court agrees with the Government.

## II. Analysis

The Government argues that the Court lacks subject matter jurisdiction of McKinney's claim because the FTCA excludes claims arising from the detention of property by any other law enforcement officers. In particular, **28 U.S.C. § 2680(c)** provides in part:

> Any claim arising in respect of the assessment of collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law officer…

**28 U.S.C. § 2680(c).**

On January 22, 2008, the Supreme Court held that the Bureau of Prison ("BOP") officers are "law enforcement officers" as that term is used in 28 U.S.C. § 2680(c). **See *Ali v. Federal Bureau of Prisons*, --- U.S. ---, 128 S.Ct. 831, 169 L.Ed.2d 680 (Jan. 22, 2008)**.[1] In *Ali*, the Supreme Court affirmed the dismissal of the case for lack of subject matter jurisdiction finding: "Section 2860(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not

---

[1] In *Ali*, an inmate brought suit under the FTCA claiming that the BOP officers lost his personal property during his transfer to another prison.

just 'some' law enforcement officers." ***Id*** **at 841.** Clearly the Supreme Court's ruling in *Ali* applies to the facts of this case.

McKinney, however, argues that *Ali* is factually distinguishable from the current case. McKinney argues that while the missing property was lost in transit in *Ali*, Plaintiff's property was lost by prison guards in the prison where McKinney was housed. However, the Government argues that while *Ali* involved property lost during the transfer of an inmate, § 2680(c) should also apply when BOP officers take possession of an inmate's property during the course of their law enforcement functions.

In ***Parrot v. U.S.*, 536 F.3d 629, 636 (7th Cir. 2008)**, the Seventh Circuit, when determining if a prisoner's property had been detained by BOP officials under § 2680(c), stated that it had never had the occasion to tackle the question of what constitutes detention. The Seventh Circuit relied on sister circuit rulings, holding that a claim was barred when BOP officials detained the personal property and mailed it outside the prisoner. Here, McKinny alleges that his personal property was confiscated when he was placed into the Special Housing Unit and never returned. Detention includes "claims arising out of negligent handling or storage by federal officials." ***Kosak v. United States*, 465 U.S. 848, 854 (1984).** Further, other circuits have held that items confiscated by BOP officials and then lost or damaged are deemed to be detained for purposes of § 2680(c). **See *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 807 (9th Cir. 2003) (items removed from cell after**

**prisoner was moved to administrative segregation);** *Myles v. U.S.*, **No. 02-3157, 52 Fed. Appx. 108, 110, 2002 WL 31667915, at \*2 (10th Cir., Nov. 27, 2002) (property confiscated from cells after institution placed on "lockdown"). See also** *Parrott*, **536 F.3d at 636 (BOP officials took property, inventoried it, and erroneously told prisoner he would not be permitted to transfer it to his new prison).** The Court finds that the BOP detained McKinney's books when they confiscated them during McKinney's move to the Special Housing Unit and thus McKinney's property claim is therefore barred by 28 U.S.C. § 2680(c).

McKinny further argues, however, that *Ali* should not apply retroactively. The Court disagrees. While McKinney argues that his property was lost by prison guards about 2005, according to his Complaint the property was confiscated on November 18, 2003 which occurred a month before the events in *Ali* where the property lost occurred in December 2003.[2] In any event, Courts are required to rule in accordance with the law as it exists at the time the Courts rendered their decisions. **See** *Thorpe v. Housing Authority of City of Durham*, **393 U.S. 268, 281-82, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969).** Thus, the Court dismisses McKinney's claim for lack of subject matter jurisdiction.

### III. Conclusion

Accordingly, the Court **GRANTS** the Government's motion to dismiss for lack

---

[2] The Court notes that McKinney's reference to 2005 may be referring to the date his case was filed, which was in May 2005. However, the actual loss of property, according to McKinney's complaint, occurred in November 2003.

of subject matter jurisdiction (Doc. 30).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court **DISMISSES with prejudice** McKinney's cause of action for lack of subject matter jurisdiction.  The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 3rd day of February, 2009.

/s/       David R Herndon

**Chief Judge**
**United States District Court**